UNITED STATES DISTRICT COURT
District of Maine – Portland Division

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2025 APR 25  A 11: 23

DEPUTY CLERK

Nathan Reardon,
Plaintiff,

v.

Kevin Strout, Lisa Davis, Somerset County Sheriff's
Office, Gian-Luigi Zucchi, Andrew Lizotte, Darcie
McElwee,
Defendants.

Civil Action No.: _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983 & Bivens Action)

I. INTRODUCTION

This civil rights complaint arises from the unlawful pretrial
detention, denial of due process, and coercive government
tactics used against Plaintiff Nathan Reardon. After
declining multiple plea offers, Plaintiff was detained
without bail for allegedly violating a condition prohibiting
him from applying for pandemic-related assistance. The
accusation arose from a tenant's application for COVID-era
rental relief—where Plaintiff, as landlord, merely submitted
required forms.

The judge declared Plaintiff a danger to society, claiming
the funds could have gone to others, despite Plaintiff's
conduct being legal and standard for landlords. Plaintiff
attempted to correct the record in court but was denied the
right to speak. This complaint consolidates violations by
state and federal actors, and is properly filed in Portland
due to judicial conflict in the Bangor division.

II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§
1331 and 1343.
2. This action arises under the U.S. Constitution, including
the Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. §
1983, and Bivens v. Six Unknown Named Agents.
3. Venue is proper in Portland under 28 U.S.C. § 1391

because all Bangor judges were directly or indirectly involved in prior rulings, creating appearance of conflict.

## III. PARTIES

4. Plaintiff Nathan Reardon resides in Plymouth, Maine; mailing address PO Box 52, Detroit, ME 04929.

5. Defendant Kevin Strout is associated with Maine State Housing.

6. Defendant Lisa Davis is affiliated with Penquis CAP.

7. Defendant Somerset County Sheriff's Office arrested and detained Plaintiff.

8. Defendant Gian-Luigi Zucchi was Plaintiff's probation officer and submitted declarations leading to arrest.

9. Defendant Andrew Lizotte, Assistant U.S. Attorney, escalated charges and moved for detention.

10. Defendant Darcie McElwee, then Acting U.S. Attorney, oversaw the prosecution.

## IV. FACTUAL BACKGROUND

11. Plaintiff was subject to bail condition 7(t): 'Shall not apply for pandemic-related financial assistance.'

12. A tenant applied for rental assistance. Plaintiff, as landlord, submitted a required form and W-9 after the tenant's application.

13. The form clearly stated Plaintiff was not applying on the tenant's behalf.

14. On April 19, 2022, Defendant Zucchi submitted a declaration to revoke Plaintiff's bail.

15. Judge Nivison ordered arrest. At the April 20 hearing, Plaintiff was declared a 'danger to society' because the relief funds 'could have gone to someone else.'

16. Plaintiff attempted to speak in his defense but was told by Judge Nivison: 'What is the point of you trying to talk? Are you trying to change my mind?'

17. Plaintiff replied: 'Yes, I am, because you don't have the whole truth.' He was then silenced.

18. Plaintiff's attorney received the evidence packet only an hour before the hearing.

19. Judge Walker later upheld the detention despite these facts.

20. Plaintiff filed an appeal to the First Circuit (Case No. 22-1486) and moved to reopen the hearing based on procedural and constitutional violations.

## V. CLAIMS FOR RELIEF

- Count I: Violation of Due Process (Fifth and Fourteenth Amendments)

- Count I: False Arrest and Imprisonment
- Count III: Retaliation for Exercise of Constitutional Rights
- Count IV: Malicious Prosecution
- Count V: Judicial Abuse of Discretion and Denial of Right to be Heard
- Count VI: Conspiracy to Violate Civil Rights

## VI. DAMAGES AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award $1,000,000 in compensatory and punitive damages;

b. Declare Defendants' actions unconstitutional;

c. Award costs and attorneys' fees;

d. Order injunctive relief if warranted;

e. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Nathan Reardon
Pro Se Plaintiff
PO Box 52
Detroit, ME 04929

Jury Trial Demanded