"UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| NATHAN REARDON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (No. 1:25-cv-00188-MSM (D. Me.)) |
| KEVIN STROUT, et al, | ) | (related to No. 1:25-cr-00061-LEW) |
| Defendants. | ) | |

ORDER

Mary S. McElroy, United States District Judge.

This matter came before me after the recusal of the judges of the United States District Court for the District of Maine, and I was designated to hear it by the Chief Judge of this Court. (ECF No. 1). Before the Court is a civil action filed by Nathan Reardon against everyone, it seems, involved in the revocation of his supervised release for having attempted to obtain COVID-19 pandemic-related relief funds in violation of a specific prohibition in his conditions of release. He has sued a defendant "associated with Maine State Housing," someone "affiliated with" Penquis CAP (Community Action Program), the Sheriff's office that arrested him, his probation officer, the Assistant United States Attorney prosecuting him and the Acting United States Attorney for Maine.

The instant case began with Mr. Reardon's indictment filed in United States v. Reardon, No. 21-cv-00061-LEW-1 on a number of charges alleging fraudulent

1

attempts, including through wire communications, to secure funds from the federal government that were intended to provide relief to those affected by the COVID-19 pandemic. (ECF No. 20). Mr. Reardon pled guilty and was sentenced on November 3, 2022, to twenty months' incarceration, followed by three years of supervised release. Along with the general conditions, a special condition was imposed that provided that:

> Defendant shall not incur new credit charges or open additional lines of credit without the supervising officer's advance approval. Defendant shall not apply for any pandemic-related financial assistance.

*See* No. 25-cv-00188-MSM, Exh. 1-1, Condition 7(t).

According to an account written by the sentencing judge, Mr. Reardon began the supervised release portion of his sentence on July 3, 2022, but by August was already facing allegations of violation. (No. 21-cv-00061-LEW, ECF No. 241.) His release was revoked, and he was sentenced to nine months' imprisonment, to be followed by 25 months of supervised release. The docket of No. 21-cv-00061-LEW is replete with subsequent activity concerning attempts by the government to revoke Mr. Reardon's release.

Relevant to this Court's pending matter is a revocation that occurred on April 20, 2022, when, after an evidentiary hearing at which he was represented by counsel, Mr. Reardon was found to have applied 11 times for COVID-related rental assistance, in violation of Condition 7(t). The defendants sued here were each in some way involved in that proceeding, albeit some of them tangentially. At the conclusion of

2

the hearing, on April 20, 2022, Mr. Reardon's release was revoked. No. 25-cv-00188-MSM, ECF No. 1-2.

On March 11, 2025, Mr. Reardon filed a Motion to modify his supervised release in various respects. No. 21-cv-00061-LEW, ECF No. 230. While that Motion was pending, and four days before it was partially denied and partially granted, Mr. Reardon filed the civil action that is now before the Court. In this action, Mr. Reardon harkens back to the hearing of April 20, 2022, and contends that he was detained unlawfully and was maliciously prosecuted. He seeks compensatory and punitive damages. (ECF No. 1)

The Complaint was accompanied by an Application to Proceed In Forma Pauperis (ECF No. 3). That application triggers a review of the Complaint to determine whether it states a plausible federal claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). If it does not, it is subject to dismissal.

Even at this early stage of the case, it is evident to the Court that Mr. Reardon's claims against these defendants are precluded. His claims for damages against the Acting and Assistant Attorneys General run headfirst into prosecutorial immunity. *Burns v. Reed,* 500 U.S. 478, 485 (1991), citing *Imbler v. Pachtman,* 424 U.S. 409, 422-23 (1976). Second, his contentions, as described in the Complaint (ECF No. 1) were fully litigated at the revocation hearing on April 20, 2022, and were rejected on the merits. He then appealed to the Court of Appeals for the First Circuit, but that appeal was dismissed as moot, as he had pled guilty to the indictment. *See* Mandate of the First Circuit, No. 22-1486, issued July 21, 2022.

This case is not dismissed on the ground of mootness because Mr. Reardon is now seeking damages, not relief from the revocation. However, the doctrine enunciated in *Heck v. Humphrey,* 512 U.S. 477 (1994), precludes a civil action if a successful result would be inconsistent with or undermine a still-outstanding conviction that has not been "declared invalid or otherwise impugned." *Pandey v. Freedman,* 66 F.3d 306 (table), 1995 WL 568490 at *1 (1st Cir. Sept. 26, 1995). *Heck* applies to damages actions that "require the plaintiff to prove the unlawfulness of his conviction *or confinement." Heck,* 512 U.S. at 486. It has been applied specifically to bail determinations. *Giallorenzo v. Beaver Cty.,* 241 Fed. Appx. 866, 867 (3d Cir. 2007) (bail revocation); *Scheffer v. Centre Cty.,* C.A. NO. 4:18-CV-02080, 2022 WL 681492, at *7 (M.D. Pa. Jan. 18, 2022), *adopted* 2022 WL 676969 (Mar. 7, 2022). Any finding of liability against the defendants who "participated" in the revocation would be inconsistent with the integrity of the judgment that entered upon the bail revocation. *Cf. Vose v. Neronha,* No. 24-cv-443-JJM-PAS, 2025 WL 266717, at *2 (D.R.I. Jan. 22, 2025) (applying *Heck* to a probation revocation. Here, Mr. Reardon challenges the lawfulness of his confinement, but the judgment of revocation has not been vacated, declared invalid or otherwise impugned.

This case is DISMISSED and the Application to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED:

_____
Mary S. McElroy,
District Judge

Date: February 24, 2026
.